Per Curiam:
This is a motion of the claimants’ attorneys to have the court fix the amount of fees to be allowed to them for services in this case. The jurisdictional act provides that such fees are to be allowed for services before committees of Congress in the matter of this claim as well as for services before the courts.
It appears that the principal services rendered in this matter were before committees in Congress. Such services can hardly be allowed for on the basis of the professional services of a lawyer, and this fact renders it somewhat difficult to determine the amount properly to be fixed. The fact also should be noted that there was no appeal from the decision of this court in this suit, which would necessarily involve considerably more labor and expense; neither were any witnesses examined on either side. In fact, the whole *227 case was tried upon the record as made up by official reports and public documents. The jurisdictional act by which the suit comes to this court provides that upon the rendition of judgment herein the payment to the claimants of the annuity of $50,000 per annum shall cease, and the fund of $1,250,000 set apart for them in the Treasury shall no long-er exist as a trust fund for their benefit. This fact materially reduces the actual benefit which the claimants are to receive by virtue of the judgment.
The claim of the Ute Indians depended upon the contract of 1880, and there would have been but little controversy as to the amount due them under that contract had it not been for the setting apart of the forest reserves within the territory, the proceeds of the lands within Avhich they were to receive. It doubtless took considerable patient and persistent work on the part of the claimants’ attorneys to impress upon the committees of Congress the justice of a law which would regard such reservations as land actually sold. Notwithstanding this fact, we think the allowance to the claimants’ attorneys should be rather upon a basis of fees for a collection of moneys actually due than upon the basis of a doubtful claim or a claim for unliquidated damages.
of the matter we have concluded to allow 6 per cent of the amount of the judgment, or $210,973.86, to the attorneys for the claimants for their services in this matter. Accordingly, the judgment heretofore rendered in this cause is modified, as provided by the supplemental finding and the opinion respecting said fees this day filed.